IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BOGDAD ALI-DBA RAY BON GROCERY BABCOCK FOOD MART INC. §§§§ *Plaintiff,* | |
| v. § § | CIVIL ACTION NO. 5:17-cv-987 |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY SOLANGE WHITE §§§§ *Defendants.* | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Bogdad Ali-DBA Ray Bon Grocery Babcock Food Mart Inc. v. Allied Property and Casualty Insurance Company and Solange White*; Cause No. 2017CI16307, in the 150th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiff Bogdad Ali-DBA Ray Bon Grocery Babcock Food Mart Inc. (hereinafter "Plaintiff") initiated the present action by filing his Original Petition, Cause No. 2017CI16307, in the 150th Judicial District of Bexar County, Texas on August 29, 2017 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**. Plaintiff filed a previous suit on the same property for the same hailstorm loss, which was removed to this court and assigned the cause number 5:16-cv-00947-OLG.

2.	Defendant appeared and answered in this action on October 4, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3.	Pursuant to 28 USC § 1446(a), a copy of all processes, pleadings, and orders served upon Defendant in the State Court Action not otherwise specifically identified as separate exhibits have been incorporated in **Exhibit A**.

4.	Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 150th Judicial District of Bexar County, Texas.

5.	Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

6.	Defendant Solange White is a citizen of the state of Florida, and resides at 33 S.W. 97th Place, Webster, Florida 33597. White has not been served with this suit.

## II.
## JURISDICTION

7.	This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

8.     Plaintiff is a Texas resident who resides and conducts business in Bexar County, Texas. *See* **Exhibit A**, ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

9.     Allied Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Iowa.

10.    Solange White is domiciled in the State of Florida, and is therefore a citizen of the State of Florida pursuant to 28 U.S.C. § 1332(a).

11.    Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

12.    Plaintiff's Original Petition states that Plaintiff is seeking monetary relief "over $200,000 but not more than $1,000,000." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 5. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

13.    Plaintiff further seeks compensation for 18% penalty interest attorney's fees, pre and post-judgment interest, and attorney's fees. *See* **Exhibit A**. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

14.    The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

15. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and all requirements for removal under 28 U.S.C. § 1446 have been met.

16. WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

        Respectfully submitted,

        */s/ Patrick M. Kemp*
        Patrick M. Kemp
        Texas Bar No. 24043751
        pkemp@smsm.com
        Robert G. Wall
        Texas Bar No. 24072411
        rwall@smsm.com
        Segal McCambridge Singer & Mahoney
        100 Congress Avenue, Suite 800
        Austin, Texas 78701
        (512) 476-7834
        (512) 476-7832 - Facsimile

        **ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 4th day of October, 2017 to:

Marc K. Whyte                *9414 7266 9904 2061 9335 37*
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
mwhyte@whytepllc.com
jsaenz@whytepllc.com

         */s/ Patrick M. Kemp*
         Patrick M. Kemp