# Exhibit A



# Notice of Service of Process

null / ALL
**Transmittal Number:** 17132586
**Date Processed:** 09/13/2017

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Joshua Schonauer<br>Cassandra Struble |
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property & Casualty Insurance Company |
| **Title of Action:** | Bogdad Ali - dba Ray Bon Grocery; Babcock Food Mart Inc vs. Allied Property & Casualty Insurance Company; Solange White |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI16307 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/13/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Whyte PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Case Number: 2017-CI-16307

**BOGDAD ALI - DBA RAY BON GROCERY ET AL**

vs.

**ALLIED PROPERTY & CASUALTY INSURANCE CO**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   ALLIED PROPERTY & CASUALTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION  was filed on the 29th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  8TH  DAY OF September A.D., 2017.

MARC K WHYTE
ATTORNEY FOR PLAINTIFF
1045 CHEEVER BLVD 103
SAN ANTONIO, TX 78217-6339



*Donna Kay McKinney*
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Christopher Morrow*, Deputy

---

BOGDAD ALI - DBA RAY BON GROCERY ET AL
vs
ALLIED PROPERTY & CASUALTY INSURANCE CO

**Officer's Return**

Case Number: 2017-CI-16307
Court:150th Judicial District Court

Came to hand on the  8th day of September 2017, A.D., at  9:12 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by deilvering to: _____ at 211 E 7TH ST 620 AUSTIN TX 78218 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

Donna Kay McKinney
Clerk of the District Courts of
Bexar County, TX
By: *Christopher Morrow*, Deputy

ORIGINAL (DK003)

FILED
8/29/2017 10:37 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

Case 5:17-cv-00987-OLG   Document 1-1   Filed 10/04/17   Page 2 of 16

CAUSE NO. **2017CI16307**

| | | |
|---|---|---|
| BOGDAD ALI - DBA RAY BON GROCERY, § | | IN THE DISTRICT COURT |
| BABCOCK FOOD MART INC. § | | |
|     Plaintiff § | | |
| § | | |
| VS. § | | **150** JUDICIAL DISTRICT |
| § | | |
| ALLIED PROPERTY & CASUALTY § | | |
| INSURANCE COMPANY and § | | |
| SOLANGE WHITE § | | BEXAR COUNTY, TEXAS |
|     Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**BOGDAD ALI - DBA RAY BON GROCERY, BABCOCK FOOD MART INC.**, Plaintiff herein, files this Original Petition against Defendants ALLIED PROPERTY & CASUALTY INSURANCE COMPANY ("ALLIED") and SOLANGE WHITE ("WHITE") and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

### I. THE PARTIES

1.    Plaintiff is a Texas resident who resides and conducts business in BEXAR County, Texas. Said property is located at: <u>7031 Ray Bon Dr., Suite 101, San Antonio, Texas 78218</u>.

2.    **ALLIED PROPERTY & CASUALTY INSURANCE COMPANY** is a foreign corporation, authorized to engage in the insurance business in the State of Texas, and who issued a policy of insurance to Plaintiff named above. The Defendant may be served by serving its registered agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. **Service is requested by certified mail, return receipt requested at this time.**

1

3.  Defendant, **SOLANGE WHITE**, is a licensed insurance adjuster practicing in the State of Texas, and may be served with process of service by certified mail, return receipt requested, at: C/O SOLANGE WHITE, 33 SW 97th Place, Webster, Florida 33597.

## II. DISCOVERY

4.  This case is intended to be governed by Discovery Level 3.

## III. CLAIM FOR RELIEF

5.  As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

6.  This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.  Venue is proper in BEXAR County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

8. Plaintiff is a named insured under a commercial property insurance policy issued by ALLIED PROPERTY & CASUALTY INSURANCE COMPANY..

9. On or about APRIL 12, 2016, a storm hit the BEXAR County area, damaging Plaintiff's commercial property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

10. Defendants improperly denied the claim. Defendants did this by undervaluing the hail/wind damage that was evident on the property.

11. SOLANGE WHITE was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property on June 4, 2016, and prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. SOLANGE WHITE's unreasonable investigation led to the denial of Plaintiff's claim.

13. Moreover, ALLIED and WHITE performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

14. Plaintiff requested that Defendant ALLIED cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property, as well as damage sustained to the HVAC system.

## VI. CAUSES OF ACTION

15. Each of the foregoing paragraphs is incorporated by reference in the following:

I.  **Breach of Contract (ALLIED PROPERTY & CASUALTY INSURANCE COMPANY Only)**

16. ALLIED PROPERTY & CASUALTY INSURANCE COMPANY had a contract of insurance with Plaintiff. ALLIED breached the terms of that contract by wrongfully denying and undervaluing the claim and Plaintiff was damaged thereby.

17. As a result of WHITE's material misrepresentation, ALLIED wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, ALLIED breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

18. To date, Defendant ALLIED continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

19. Defendant ALLIED failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant ALLIED's conduct constitutes a breach of the insurance contract between ALLIED and Plaintiff.

II. **Prompt Payment of Claims Statute (ALLIED PROPERTY & CASUALTY INSURANCE COMPANY Only)**

20. The failure of ALLIED to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

21. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

22. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms ALLIED reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following ALLIED's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

23. Specifically, the damage to Plaintiff's commercial property occurred as a result of a wind/hail storm that occurred on APRIL 12, 2016. Accordingly, it has been well over sixty (60) days since the date the damage occurred to the Plaintiff's commercial property (in accordance with Article 542.058 of the Texas Insurance Code), which, in turn, causes the Plaintiff to be entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### III. Unfair Settlement Practices / Bad Faith (ALLIED PROPERTY & CASUALTY INSURANCE COMPANY and SOLANGE WHITE)

#### A. Actionable Conduct of Defendant (ALLIED PROPERTY & CASUALTY INSURANCE COMPANY.)

24. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

25. Defendants violated § 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the policy.

26. Defendants violated § 541.060 by:

   (1) misrepresenting to Plaintiff a material fact or policy provision relating to

coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3 failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

27.  Defendants violated § 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3 making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

28.  At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

**B.    Actionable Conduct of Defendant (SOLANGE WHITE)**

29.  Defendant WHITE, as a contractor and/or adjuster assigned by ALLIED to assist with adjusting the Claim. With regard to the adjuster Defendant named herein, Plaintiff alleges

6

said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. Consequently, Defendant significantly underpaid the claim to the detriment of the insured. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

30. WHITE's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from ALLIED to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

31. Defendant WHITE conducted a substandard and incomplete inspection of Plaintiffs' Property. Plaintiffs' damages were noted in an inaccurate report and/or estimate of Plaintiffs' Storm damages, dated June 12, 2016, which failed to include many of the damages

noted upon inspection and grossly underestimated and undervalued those damages that were included.

32. Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in a denial of payment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property and business. The above-named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

33. As a result of WHITE's material misrepresentation, ALLIED wrongfully denied Plaintiff's claim even though the Plaintiff had a policy to protect the property. Consequently, ALLIED breached the terms of the contract when it denied the claim to the detriment of the Plaintiff.

34. WHITE failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

IV.   **Breach of Duty of Good Faith and Fair Dealing Against ALLIED PROPERTY & CASUALTY INSURANCE COMPANY.**

35.   Defendant, ALLIED, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when ALLIED knew or should have known liability was reasonably clear. Defendant, ALLIED is therefore liable to Plaintiff.

36.   The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

V.   **Attorneys' Fees**

37.   Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

38.   Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

39.   Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

40.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII. DEMAND FOR JURY

41.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show it be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:   (210) 562-2888
Telecopier:   (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _/s/ M. K. Whyte_
MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

# Exhibit A

**68881**

| IN RE: | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| COMMERCIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This order applies to pretrial matters in commercial property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the commercial insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 120 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 120 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the commercial property, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the commercial insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 120 day time period. The insurance carrier is also ordered to notify

**68881**

the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted. Within 180 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange accounting and financial documentation and other information pertaining to any claims for business interruption, loss of business income, lost profits, inventory or food loss (provide list with values), lost business expense, accounts receivable and any other business loss claim.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same commercial insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the commercial insurance carrier shall be permitted to inspect the property involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the commercial insurance carrier and other defendants may re-inspect the property with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

Michael E. Mery
Michael Mery, Judge
37th District Court

Stephani A. Walsh
Stephani Walsh, Judge
45th District Court

Antonia Arteaga, Judge
57th District Court

David A. Canales, Judge
73rd District Court

2

**68881**

**68881**

_____
John D. Gabriel, Jr., Judge
131st District Court

_____
Renée Yanta, Judge
150th District Court

_____
Laura Salinas, Judge
166th District Court

_____
Cathleen Stryker, Judge
224th District Court

_____
Peter Sakai, Judge
225th District Court

_____
Richard Price, Judge
285th District Court

_____
Sol Casseb III, Judge
288th District Court

_____
Karen H. Pozza, Judge
407th District Court

_____
Larry Noll, Judge
408th District Court

_____
Gloria Saldaña, Judge
438th District Court

3

68881

68881

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1. An attorney of record for each party, unless the party is self-represented.

2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____
Judge Presiding

11/30/2016 VOL 4655 PG 1-18

4   68881

DONNA KAY McKINNEY
BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

RETURN SERVICE REQUESTED

7016 3010 0000 4582 5086

U.S. POSTAGE >> PITNEY BOWES

ZIP 78207  $ 007.71
02 4W
0000350844 SEP. 11. 2017

ALLIED PROPERTY & CASUALTY INSURANCE COMPA
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN, TX  78218

2017CI16307  9/7/2017  CITCM  CHRISTOPHER MORROW